UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

## CHAPTER 13 PLAN

CASE NO. **11-18852**

DEBTORS: (H) **CARLOS DE ALMEIDA**   SS #: **XXX-XX-4645**
(W) _____   SS #: _____

TERM OF THE PLAN: **36** MONTHS

**TOTAL PLAN PAYMENT: Debtor(s) to pay monthly:**   **$100**

## I. SECURED CLAIMS:

**A. Claims to be Paid Through the Plan (Including Arrears):**
**(1) Arrears to be Paid Through the Plan**
Plan payments as follows:

| Mortgagee/ Lienor | Description of Claim | Amount of Arrears |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**Total Arrears to be Paid:**   **$0**

**(2) Claims Subject to Cramdown and/or Modification to be Paid Through Plan**
The claims listed below are hereby bifurcated pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2). Any claim amount in excess of the value of the collateral securing it is placed into Class IV.

| Mortgagee/ Lienor | Claim Amount | Collateral Value | Interest Rate | Amortiz. Period | Monthly P & I Pay't | Sum of P & I Pay't's |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**N.B.** If the Amortization Period set forth above for any of the mortgages or liens requires a final "balloon payment", such payment shall be made in the manner set forth below:

☐ Refinancing
☐ Sale
☐ Other: _____

| Mortgagee/ Lienor | End Term Payment | Projected Loan-to-Value Ratio at Plan Conclusion |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**Total of Payments of Modified Secured Claims:**   **$0**
**Total Amount of All Class I Secured Claims to be Paid Through the Plan:**   **$0**

**B. Secured Claims to be Paid Directly to Creditors (Not through Plan):**
Each secured claim listed below shall be paid in full, outside the plan,

in accordance with the original terms of the contract underlying such claim.

| Mortgagee/ Lien Creditor | Description of Secured Claim | Is Debtor Current |
|---|---|---|
| Wells Fargo Auto | auto loan | yes |
| | | |
| | | |

## II. PRIORITY UNSECURED CLAIMS:

Claims entitled to priority under 11 U.S.C. §§ 507 and 1322(a)(2)

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |
| | | |
| | | |

**Total Amount of Class II Priority Claims to Be Paid Thorugh the Plan:** **$0**

## III. ADMINISTRATIVE CLAIMS:

**A. Total Amount of Attorneys Fees (to be Paid Through the Plan):** **$1,500**
(to be paid during first 12 months of plan)

**B. Other Administrative Claims:**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| none | | |
| | | |

**C. Chapter 13 Trustee's Commission**
The Chapter 13 Trustee's fee is determined by order of the United States Attorney General.
The calculation of the Plan payment set forth below utilizes a 10% trustee's commission.
In the event that the trustee's commission is less than 10%, the additional funds collected
by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

Total Monthly Payment to Administrative Claim Holders: **$1,500**

## IV. CLAIMS OF UNSECURED CREDITORS

**A. Treatment of Dischargeable Claims**
General unsecured creditors shall receive a dividend of **21.50%** of their claims.

**(1) General Non-Priority Unsecured Claims**
Total Amount of General Unsecured Claims: **$8,058**

**(2) Unsecured Deficiency Claims from Class III**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |
| | | |
| | | |

Total Amount of Unsecured Deficiency Claims from Class III: **$0**

**(3) Undersecured Claims Arising after Lien Avoidance**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |
| | | |

| | | |
|---|---|---|
| Total Amount of Unsecured Avoided Lien Claims from Class V(B): | | $0 |

**(4) Undersecured Claims Arising after Surrender of Collateral**

| Creditor | Property to be Surrendered | Deficiency Claim Amount |
|---|---|---|
| | | |

| | |
|---|---|
| Total Amount of Surrendered Property Claims from Class V(C): | $0 |

| | | |
|---|---|---|
| **SUM OF ALL NON-PRIORITY UNSECURED CLAIMS:** | $8,058 | |
| **TOTAL DIVIDEND TO BE PAID TO ALL CLASS IV(A) CREDITORS:** | | $1,733 |

**B. Treatment of Separately Classified Non-Dischargeable Claims under 11 U.S.C. § 1328(a)**

The claims of creditors that are not subject to being discharged pursuant to 11 U.S.C. § 1328(a) shall be treated as follows:

**(1) Claims to be Paid Directly to Creditors (Not Through Plan)**

The following claims shall be paid outside the Plan according to the contractual terms of the claim.

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |
| | | |

**(2) Arrears to be Paid Through the Plan**

The following claims include an arrears that will be paid through the Plan
The Debtor(s) will continue to make their regular post-petition payments outside the Plan

| Creditor | Description of Claim | Claim Amount | Amount of Arrears |
|---|---|---|---|
| | | | |
| | | | |

| | | |
|---|---|---|
| **Total Arrears to be Paid:** | $0 | |
| **TOTAL CLASS IV(B) CLAIMS TO BE PAID THROUGH THE PLAN:** | | $0 |

## V. OTHER PLAN PROVISIONS:

**A. Real Estate or Other Assets to be Liquidated:**     (attach additional information as exhibit.)

**B. Lien Avoidance:**     The liens of the following creditors are hereby avoided pursuant to and by operation of 11 U.S.C. § 522(f).

| Lien Creditor | Nature of Lien | Amount of Lien | Nature of Property | Exemption Impaired |
|---|---|---|---|---|
| | | | | |

**C. Collateral to be Surrendered:**     The following property shall be surrendered to the secured creditor listed below pursuant to 11 U.S.C. § 1325(a)(5)(C). Any deficiency shall be treated as an unsecured claim under Class IV(D).

| Secured Creditor | Property to be Surrendered | Amount of Claim | Value of Property | Amount of Deficiency |
|---|---|---|---|---|
| | | | | |
| | | | | |

**D. Executory Contracts/Unexpired Leases:** The Debtor hereby takes the following actions with respect to the contracts and leases set forth below pursuant to 11 U.S. §§ 365 and 1322(b)(7):

| Name of Contracting Party | Nature of Contract | Assume or Reject | Arrears | Months to Cure |
|---|---|---|---|---|
| | | | | |
| | | | | |

**Total Amount to Needed to Cure Default in Lease/Executory Contract:** $0.00

Name of Party to Whom Assumed Contract or Lease will be Assigned:

**E. Other Chapter 13 Plan Provisions:**

The property of the estate shall, 11 U.S.C. 1322(b)(9), vest in the Debtor(s) upon discharge of this plan or at a later time unless otherwise provided below.

The following additional provisions, pursuant to 11 U.S.C. § 1322(b)(10), are hereby included in this Chapter 13 Plan. To the extent that any provision set forth below conflicts with a prior provision, the following language will control:

## VI. CALCULATION OF PLAN PAYMENT

a. Class I Secured Claims (Class I(A) Total): $0
b. Class II Priority Claims (Class II Total): $0
c. Class III Administrative Claims (Classes III(A) and (B) Only): $1,500
d. Class IV(A) Unsecured Claim Total Dividend: $1,733
e. Class IV(B) Unsecured Non-Dischargeable Arrears Claims: $0
f. Class V(D) Executory Contract/Lease Arrears Claims: $0
g. Sum of All Claims to be paid through Plan: $3,233
h. Trustee's Commission: $359
   (Equal to 10% of Total Cost of Plan)
i. Total Cost of Plan: **$3,592**
   (This amount represents the total to be paid into the Chapter 13 Plan)
j. Term of Chapter 13 Plan: **36** Months
k. Monthly Payment to Chapter 13 Trustee: **$100**

Pursuant to 11 U.S.C. § 1326(a)(1), unless the Court Orders otherwise, a Debtor shall commence making payments proposed by a plan within thirty (30) days after a Plan is filed.

## STATEMENT OF CAUSE

## LIQUIDATION ANALYSIS

**I. Real Estate (located at):**

| Address | Collateral Value | Liens | Amount of Exemption | Avail. Ch. 7 |
|---|---|---|---|---|
| A. none | | | | |
| B. | | | | |
| C. | | | | |
| | | | Net Value of Equity: | **$0** |

Basis of Exemption: N/A
(if homestead exemption, date of recordation:                              )
Value of Real Estate determined by reference to: on-line appraisal

**II. Automobile (describe year, make and model):**

| | Value | Liens | Exemption | Avail. Ch. 7 |
|---|---|---|---|---|
| A. 2011 Hyundai Elantra | $14,900.00 | $20,000.00 | $0.00 | $0 |
| B. | | | | |
| C. | | | | |
| D. | | | | |
| | | | Net Value of Equity: | **$0** |

Basis of Exemption: N/A
Value of Automobiles determined by: Kelly Blue Book Values - Private Party Sale Value

**III. Household Goods and Wearing Apparel:**

| | Value | Exemption |
|---|---|---|
| | $2,200.00 | $2,200.00 |
| | Net Value of Equity: | **$0** |

Basis of Exemption: 11 USC 522 (d)(3) & (d)(5)
Value of Household Goods determined by: Debtor's Estimate

**IV. Other Assets**

| | Value | Amount of Exemption | Avail. Ch. 7 |
|---|---|---|---|
| A. Bank accounts | $180 | $180 | $0 |
| B. Term life insurance | $0 | $0 | $0 |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |

I.

|  | Net Value of Equity: | **$0** |

Basis of Exemption: 11 USC 522 (d)(5)
Value of Items determined by: Debtor's Estimate

|  | **Total Liquidation Value of Bankruptcy Estate:** | **$0** |

Based upon these exemptions, unsecured creditors would receive a dividend of: **0.00%**

Additional Comments regarding Liquidation Analysis:

Pursuant to the Chapter 13 Rules, the debtor or his or her counsel is required to serve a copy this Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service with the court accordingly.

/s/ James P Bardsley                                  10/25/2011
James P. Bardsley, Esq., Debtor's Counsel             Date
Law Office of Bardsley & Gray
One Welby Road, Executive Suite
New Bedford, MA 02745
(508) 985-0054

**I/WE DECLARE UNDER THE PAINS AND PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF MY/OUR KNOWLEDGE AND BELIEF.**

/s/ Carlos De Almeida                                 10/25/2011
Debtor                                                Date


Co-Debtor                                             Date